# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL SCHOWACHERT,<br><br>            Plaintiff,<br><br>    v.<br><br>SMILEY,<br><br>            Defendant. | Case No. 1:25-cv-01293-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff John Paul Schowachert ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 1, 2025, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.)

Although the motion to proceed *in forma pauperis* is incomplete, the Court finds that Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

1

injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff alleges that on an unspecified date Tuolumne County Jail Custodial Officer Smiley hit Plaintiff on the top of his head and crushed in his skull, causing him to fall to the ground and into a 6-month coma. Plaintiff contends this resulted in permanent physical and mental disability. (ECF No. 1.)

Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff appears to allege that the incident at issue occurred while Plaintiff was housed at Tuolumne County Jail, but at the time of filing, Plaintiff was housed at R.J. Donovan Correctional Facility. (ECF No. 1.) "[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Plaintiff is no longer housed at the institution where Defendant Smiley is employed, and Plaintiff does not allege that he is in any imminent danger of serious physical injury that is related to the incident raised in the complaint or that could be redressed by the court in this action.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Schowachert v. Polley*, Case No. 1:22-cv-01249-JLT-BAM (E.D. Cal.) (dismissed on November 8, 2022 as duplicative); (2) *Schowachert v. Sorano*, Case No. 1:21-cv-00975-JLT-HBK (E.D. Cal.) (dismissed on November 2, 2023 for failure to exhaust clear on the face of the complaint); (3) *Schowachert v. Polley*, Case No. 1:23-cv-01579-JLT-EPG (E.D. Cal.) (dismissed on December 19, 2023 as duplicative); (4) *Schowachert v. Polley*, Case No. 1:23-cv-01645-KES-SAB (E.D. Cal.) (dismissed on July 8, 2024 as duplicative); (5) *Schowachert v. Polley*, Case No. 1:24-cv-00713-KES-CDB (E.D. Cal.) (dismissed on December 19, 2024 as duplicative and time-barred). In actions filed by a plaintiff proceeding *in forma pauperis*, a dismissal of the action as duplicative is considered a dismissal of a case on the grounds that it is frivolous or malicious pursuant to 28 U.S.C. § 1915(g). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[2] While the Court expresses no opinion on the merits of Plaintiff's claims, it appears Plaintiff's claim may be time barred. Although Plaintiff does not specify a date when the events in the complaint occurred, based on a review of Plaintiff's extensive litigation history it appears Plaintiff has repeatedly attempted to raise the same claim involving alleged blunt force head trauma, arising from an incident in 2017. *See* cases cited *supra*, footnote 1.

District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 6, 2025**           /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

3